HONORABLE TIMOTHY W. DORE

HEARING DATE: MONDAY, NOVEMBER 19, 2018
HEARING TIME: 9:00 A.M.
LOCATION: SEATTLE, COURTROOM 8106
RESPONSE DATE: AT TIME OF HEARING

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SEATTLE PROTON CENTER, LLC [1]

Debtors.

Lead Case No. 18-14380-TWD

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT OF FIRST DAY MOTIONS

Joseph M. Raicevich declares as follows:

1. I am the Chief Financial Officer, Secretary and Treasurer of each Seattle Proton Center Holdings, Procure Seattle Holdings, LLC, and Seattle Proton Center, LLC ("Opco"). I have personal knowledge of the facts set forth herein. I make this Declaration in support of First Day Motions. Capitalized terms not defined in this Declaration have their meanings as ascribed in applicable First Day Motions.

**Cash Collateral**

2. As of August 31, 2018, Opco was indebted to the Senior Secured Lenders in the approximate amount of $160,278,763 pursuant to the Amended Credit Agreement, a copy of which

---

[1] The Debtors are Seattle Proton Center, LLC, Bankruptcy Case No. 18-14380, Procure Seattle Holdings, LLC, Bankruptcy Case No. 18-14381, and Seattle Proton Center Holdings, Bankruptcy Case No. 18-14382.

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT
OF FIRST DAY MOTIONS – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z
Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 1 of 7

(without Exhibits) is attached hereto as Exhibit A. The Senior Secured Debt is comprised of loans and extensions of credits as follows as of August 31, 2018: (i) bank loans under several loan facilities in the aggregate amount of $146,291,234; (ii) hedge obligations in the amount of $10,123,713; and (iii) aggregate obligations on account of a restructuring fee note, a restructuring expense note and an adequate protection note in the amount of $3,863,816.

3. The Senior Secured Debt is secured by a lien on all assets of Opco and a pledge of all ownership interests pursuant to loan documents including, among other documents, (a) that certain Security Agreement, dated as of January 20, 2011 (a copy of which is attached hereto as Exhibit B) and that certain Assignment, Pledge and Security Agreement, dated as of August 24, 2010 (a copy of which is attached hereto as Exhibit C); and (b) as against the Ground Lease, that certain Leasehold Deed of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filing Statement, dated January 20, 2011, and as amended pursuant to that certain First Amendment to Leasehold Deed of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filing Statement, dated as of August 31, 2015, entered into between Opco and the Agent. Copies of the corresponding UCC1 filings are attached hereto as Exhibit D.

4. Opco requires the immediate use of the cash proceeds of the Prepetition Collateral to continue uninterrupted operations for the benefit of its creditors and its estate, thereby avoiding immediate and irreparable harm to its business pending a final hearing. As part of their support of their support for and of the filing of these cases, the Senior Secured Lenders consent to the use of Cash Collateral. Opco seeks to use Cash Collateral in accordance with the budget attached hereto as Exhibit E. Without use of Cash Collateral, Opco will be unable to pay its ongoing operating expenses, including payroll, and will thus be unable to continue ongoing business operations.

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT
OF FIRST DAY MOTIONS – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z
Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 2 of 7

5.  The Budget provides for a Professional Fund to pay the post-petition, allowed fees/costs of all professionals retained in this Chapter 11 case. All amounts provided for in the Budget for the Professional Fund shall be in addition to any prepetition retainers paid by Opco to its professionals, and shall be deposited into an interest bearing trust account maintained by Bush Kornfeld, LLP, Opco's general bankruptcy counsel, for *pro rata* payment of allowed fees and costs of professionals, including any amounts payable pursuant to any other order entered by this Court authorizing interim periodic payment of professional fees, subject to final allowance of such fees and costs. To the extent the Professional Fund ultimately exceeds all allowed professional fees and costs of the estate, the remaining balance shall remain subject first to the security interests of the Senior Secured Lenders and returned to Opco for its benefit.

6.  As part of their support of their support for and of the filing of these cases, the Senior Secured Lenders consent for an initial period of 60 (sixty) days commencing on the Petition Date, to the use of Cash Collateral.

**Wage Motion**

7.  Opco currently has approximately 76 full-time Employees. Opco has incurred costs and obligations with respect to the Employees that remain unpaid as of the Petition Date because they accrued, either in whole or in part, prior to the Petition Date.

8.  Opco pays wages and salaries to the Employees on a semi-monthly basis, with the next payroll scheduled for November 21, 2018. Opco's aggregate gross payroll for all Employees, per payroll period, is approximately $350,000. It is critical to the continuation of Opco operations and its smooth transition into Chapter 11, that payments to Opco's Employees are made in a timely manner. No employee is owed more than $12,475 for prepetition wages.

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT OF FIRST DAY MOTIONS – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z

Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 3 of 7

9. Opco sponsors benefit plans for the Employees, including medical, dental, vision, disability, and life insurance plans. Opco pays approximately $58,000 per month pursuant to a variety of contracts with third-party insurance administrators to cover the health and welfare benefits of its Employees, which amount includes both the Employee and Opco (as employer) portions of the Benefit Plan Obligations. The Employee portions of the Benefit Plan Obligations are funds withheld from the Employees by Opco and remitted to various third-party insurance administrators. Opco also withholds approximately $2,500 and $1,000 respectively per pay period toward specific Employees' Flexible Spending Accounts and Health Savings Accounts. Opco also deposits, on a quarterly basis, a set amount of funds into an HSA bank account for any Employee enrolled in an HSA insurance plan. Opco's quarterly HSA Deposits total approximately $10,000.

10. Opco withholds approximately $21,000 per pay period from the wages of its participating Employees' contributions towards a 401(k) plan. Opco matches 50% of each participating Employee's 401(k) contribution amount, not to exceed 4% of a participating Employee's salary. Opco's gross 401(k) matching contribution is approximately $10,000 per pay period

11. In the ordinary course of its business, Opco reimburses Employees for expenses incurred in the scope of their employment. Opco also directly reimburses third-party credit card providers for expenses incurred by Employees. Opco pays on average approximately $10,000 per month in connection with expenses incurred by the Employees relating to business-related travel expenses, business meals, car rentals, and a variety of other miscellaneous business expenses. All of such expenses are incurred by Employees on Opco's behalf in connection with employment by Opco and in reliance upon Opco's reimbursement policy.

12. Opco is required by law to withhold from the Employees' wages amounts related to federal income taxes, and social security and Medicare taxes and to remit the same to the appropriate

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT
OF FIRST DAY MOTIONS – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z
Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 4 of 7

taxing authorities. Opco is required to match from its own funds the social security and Medicare taxes and pay, based on a percentage of gross payroll, additional amounts of unemployment insurance and to remit the Payroll Taxes to the Taxing Authorities. On a semi-monthly basis, Opco remits an estimated total of $27,000 including both Employer Payroll Taxes and Trust Funds Taxes to the Taxing Authorities.

**Utilities**

13. Prior to the Petition Date, the Utility Companies provided utility services to Opco as indicated on Exhibit A to the Utilities Motion. These services are crucial to Opco continued operations and Opco may suffer irreparable harm if the relief requested herein is not granted. Opco fully intends to timely pay all postpetition obligations owed to the Utility Companies.

14. As adequate assurance of future payment, Opco proposes to establish and fund a Utility Account in the amount of $28,090. This amount is equal to approximately two weeks of service from all of Opco's utility providers. The Utility Account will serve as a cash security deposit to provide the Utility Providers adequate assurance of payment for Utility Services provided to Opco after the Petition Date.

**Cash Management**

15. Prior to the commencement of this Chapter 11 case, Opco maintained bank accounts used in its operations as follows:

| Bank | Last 4 digits of Acct # | Purpose of Account |
|---|---|---|
| UMB Bank | 6948 | Operating Checking Account |
| UMB Bank | 3695 | Depository Lockbox |
| UMB Bank | 6921 | Zero-balance Payroll Account |

16. Deposits are primarily made to account ending in 3695, the Lockbox Account, and are collectively swept to the account ending in 6948, the Operating Account, on a daily basis. The

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT
OF FIRST DAY MOTIONS – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z
Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 5 of 7

account ending in 6921 maintains a zero balance. Payroll transactions are debited from the Payroll Account, and on the same day, those funds are transferred from the Operating Account.

17. As of the Petition Date, Opco also held accounts in its name that were established pursuant to the August 31, 2015 Amended and Restated Credit Agreement with its Senior Secured Lenders, but which accounts were not in use as of the Petition Date.

| | |
|---|---|
| UMB Bank | 9811 |
| UMB Bank | 9814 |
| UMB Bank | 9815 |
| UMB Bank | 9819 |
| UMB Bank | 8110 |
| UMB Bank | 8111 |

18. In addition, as of the Petition Date, Opco held UMB account 8112, a "Restricted Funds Account" established pursuant to that Amended and Restated Depositary and Account Control Agreement, dated as of August 31, 2015 between Opco and Senior Secured Lenders. The Restricted Funds Account is controlled by the Agent for the Senior Secured Lenders. It was funded with previously restricted debt service reserve funds to be used as needed for the Adequate Protection Note provided to the Senior Secured Lenders in connection with a line of credit available to Opco in connection with the August 31, 2015 Amended and Restated Credit Agreement. As of October 5, 2018, the Restricted Funds Account held funds controlled by the Senior Secured Lenders in the amount of $524,249.99. The Debtors' Joint Prepackaged Plan of Reorganization provides for the Senior Secured Lenders' release of these funds to Opco upon the Effective Date.

19. Opco's Cash Management System is a vital part of its business operations. Requiring Opco to establish a new cash management system would cause delay and produce disruption, particularly when Opco is already subject to the usual operational adjustments attendant to a Chapter 11 filing.

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT
OF FIRST DAY MOTIONS – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z
Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 6 of 7

20. Opco requests that it be authorized to use its prepetition accounts and prepetition checks and checking account without placing the label "debtor-in-possession" on each check. Use of existing accounts and checks will ensure that there is a smooth transition into Chapter 11 and minimal disruption of Opco's operations.

21. It is my understanding that UMB Bank does not appear on the United States Trustee's List of Authorized Depositories For Bankruptcy Cases Filed in the Western District of Washington. Opco is a sophisticated, large company which depends on the continuity of its bank accounts to effectuate significant daily transactions as part of its normal course of business.

22. There is significant benefit to allowing Opco to retain its relationship with UMB Bank. Opco has a long-established and cooperative relationship with UMB Bank, which I believe is critical in order to operate in a Chapter 11 and reorganize successfully.

23. Leading up to the petition date, Opco worked diligently to pay all ordinary course creditors, vendors and suppliers current as of the petition date, in some cases also making prepayments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED in Seattle, Washington, this 14th day of November, 2018.

/s/ Joseph M. Raicevich
Joseph M. Raicevich

DECLARATION OF JOSEPH M. RAICEVICH IN SUPPORT OF FIRST DAY MOTIONS – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cg302v034z

Case 18-14380-TWD    Doc 9    Filed 11/14/18    Ent. 11/14/18 17:20:45    Pg. 7 of 7