HONORABLE TIMOTHY W. DORE

HEARING DATE: MONDAY, NOVEMBER 19, 2018
HEARING TIME: 9:00 A.M.
LOCATION: SEATTLE, COURTROOM 8106
RESPONSE DATE: AT TIME OF HEARING

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SEATTLE PROTON CENTER, LLC [1]

    Debtors.

Lead Case No. 18-14380-TWD

(I) EMERGENCY MOTION FOR ORDER SCHEDULING COMBINED HEARING; AND

(II) MOTION FOR ORDER APPROVING ADEQUACY OF PREPETITION SOLICITATION PROCEDURES, APPROVING ADEQUACY OF DISCLOSURE STATEMENT, AND CONFIRMING PLAN

The above-captioned debtors and debtors-in-possession (the "Debtors") move the Court pursuant to Bankruptcy Code[2] sections 105, 1123(a), 1124, 1125, 1126 and 1128, Federal Rules of Bankruptcy Procedure 3016, 3017, 3018 and 3020 and Local Rules of Bankruptcy Procedure Western District of Washington 3017-1 and 3020-1, for entry of two orders:

    (A)    an Order Scheduling a Combined Hearing (defined herein); and

---

[1] The Debtors are Seattle Proton Center, LLC, Bankruptcy Case No. 18-14380, Procure Seattle Holdings, LLC, Bankruptcy Case No. 18-14381, and Seattle Proton Center Holdings, Bankruptcy Case No. 18-14382.

[2] 11 U.S.C. § 101 et seq.

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(B) an Order, for entry at the time of the Combined Hearing, approving the adequacy of prepetition solicitation procedures, the adequacy of the Disclosure Statement (defined herein), and confirmation of the Plan (defined herein).

This motion is based upon the files and records herein and upon the Declarations of Anna Karin Andrews and Joseph M. Raicevich in Support of First Day Motions, and on the accompanying Declaration of Aimee S. Willig.

## I. BACKGROUND

### A. The Debtors and Events Leading Up to Bankruptcy

The Debtors commenced these Chapter 11 cases on November 14, 2018, and are managing their affairs as a debtors-in-possession under 11 U.S.C. §§ 1107 and 1108. As set forth in the First Day Declarations, these Chapter 11 cases were filed on a consensual bases in connection with restructure of the Debtors' prepetition debt with their primary creditors: Senior Secured Lenders, IBA, and SCCA.[3] As part of the prepetition negotiations, the Debtors entered into the Plan Support and Lock Up Agreement dated as of November 12, 2018 ("Plan Support Agreement") with the Lenders, IBA and SCCA. Andrews Decl. Under the Plan Support Agreement, the Debtors agreed to implement the negotiated financial restructuring, and the supporting parties agreed to support and vote for the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization (the "Plan"). Id.

### B. Solicitation

In accordance with the Plan Support Agreement, the Debtors commenced prepetition, out-of-court, solicitation of votes on November 12, 2018 (the "Solicitation Date"). On the Solicitation Date, the Debtors caused their counsel, Bush Kornfeld LLP, to distribute copies of the Disclosure Statement

---

[3] Capitalized terms not defined in this Motion shall have their meaning as ascribed in the First Day Declarations.

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 2 of 9

In Support of Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization ("Disclosure Statement"), the Plan, and the appropriate ballot (together, the "Solicitation Package") to each entity entitled to vote to accept or reject the Plan. Andrews Decl., Willig Decl. The Debtors established December 12, 2018 (30 calendar days after Solicitation Date) as the deadline by which completed ballots had to be received by Bush Kornfeld LLP. Willig Decl. The ballots further provided that immediately upon receipt of all ballots of voting classes under the Plan, the Debtors would commence efforts to file the above-captioned cases. Id.

Solicitation Packages were distributed to holders of Claims in classes deemed impaired under the Plan and entitled to vote on the Plan, which are Classes 1, 2, and 3. Willig Decl. The Debtors did not solicit votes to accept or reject the Plan from holders of Claims in Class 4 or Interests in Class 5, which are unimpaired and deemed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f). Id.

Ballots were cast in acceptance of the Plan as follows:

Class 1: Secured Claims of Senior Secured Lenders
Class 1 has accepted the Plan.
Percentage number of acceptances: 100%
Percentage dollar amount of acceptances: 100%

Class 2: Claims of IBA
Class 2 has accepted the Plan.
Percentage number of acceptances: 100%
Percentage dollar amount of acceptances: 100%

Class 3: Claim of SCCA
Class 3 has accepted the Plan.
Percentage number of acceptances: 100%
Percentage dollar amount of acceptances: 100%

///

///

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR APPROVAL OF MATTERS FOR COMBINED HEARING– Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 3 of 9

### C. Overview of the Plan and Combined Hearing

The Debtors' Plan provides for refinancing of the Senior Secured Debt through issuance of municipal taxable bonds. Andrews Decl. Substantial work and planning has occurred prepetition to arrange for this bond issuance post-confirmation. Id. Due to the dynamics of the bond market, it is important to complete this issuance before the end of 2018, if at all possible. Id. In order to have a realistic opportunity to complete and close the issuance on this timetable, it is imperative that the Plan be confirmed no later than the end of November or the first few days of December. Id. For these reasons, along with the fact that all of the impaired classes of creditors have reviewed and accepted the Disclosure Statement prepetition and have already voted to accept the Plan, the Debtors request that the Court combine approval of the Disclosure Statement with the hearing on Plan confirmation.

## II. REQUESTED RELIEF

The Debtors seek entry of an order ("Scheduling Order") setting a combined hearing ("Combined Hearing") for approval of prepetition solicitation procedures, approval of the Disclosure Statement and confirmation of the Plan, which combined hearing the Debtors believe to be necessary and justified in these Chapter 11 Cases as discussed more fully below:

| | | |
|---|---|---|
| a. | Combined Hearing on Adequacy of Prepetition Solicitation, Adequacy of Disclosure Statement, Plan Confirmation. | No later than December 5, 2018 |
| b. | Objection Deadline | December 3, 2018 (or, if hearing date is earlier, two days prior) |

In addition to the Scheduling Order, this Motion seeks, for consideration by the Court at the Combined Hearing, (i) approval of the Debtors' prepetition solicitation procedures; (ii) approval of the Debtors' Disclosure Statement; and (iii) confirmation of the Plan. In support of Plan confirmation, the

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 4 of 9

Debtors shall file a Summary of Ballots and Preconfirmation Report pursuant to Local Rules of Bankruptcy Procedure 3018 and 3020.

### III. AUTHORITY

**A. Combined Hearing**

Bankruptcy Code section 105 expressly authorizes courts to combine a hearing on a disclosure statement with a hearing on confirmation of a plan of reorganization: "[T]he hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi). In cases involving prepackaged plans, courts routinely conduct combined hearings to approve the disclosure statement, plan, and solicitation procedures shortly after a debtor files its chapter 11 petition. See, e.g., 16 Collier on Bankruptcy § 21.14 (Prepackaged Plan of Reorganization) (16th 2018); Central District of California Bankruptcy Court Local Rule 2081-1(b) Prepackaged Plans. (plan confirmation hearing as to which voting was conducted prepetition must be scheduled, if practicable, no more than 30 days after the order for relief).

The Debtors seek entry of the Scheduling Order for the Combined Hearing in order to promote judicial economy, expedite the Debtors' emergence from bankruptcy and minimize adverse effects of the chapter 11 filings upon the Debtors' business and going concern value. The Debtors' Plan provides for refinancing of the Senior Secured Debt through issuance of municipal taxable bonds. Substantial work and planning has occurred prepetition to arrange for this bond issuance post-confirmation. Due to the dynamics of the bond market, it is important to complete this issuance before the end of 2018, if at all possible. In order to have a realistic opportunity to complete and close the issuance on this timetable, it is imperative that the Plan be confirmed no later than the end of November or the first few days of December. For these reasons, along with the fact that all of the impaired classes of creditors have reviewed and accepted the Disclosure Statement prepetition and

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 5 of 9

have already voted to accept the Plan, the Debtors request that the Court combine approval of the Disclosure Statement with the hearing on Plan confirmation.

**B.     Adequacy of Prepetition Solicitation**

    1.     <u>The Ballot</u>

Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a proposed plan of reorganization] shall be in writing, identify an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). The ballots distributed to the voting classes for voting on the Plan conformed with the Official Form 314. Willig Decl.

    2.     <u>The Solicitation Period</u>

Bankruptcy Rule 3018(b) requires that the solicitation period in a prepackaged chapter 11 case not to be for an unreasonably short amount of time. For guidance, the Debtors note the following solicitation periods set forth under the Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, each measured from the date of commencement of mailing: (a) for publicly traded securities, a twenty (20) business days; (b) for non-publicly traded securities, ten (10) business days; and (c) for all other claims and interests, twenty (20) business days. Here, the Debtors provided a thirty (30) calendar day voting period measured from the date the ballots were emailed to counsel for the voting parties. Willig Decl. Such a time period allowed adequate time for holders of claims in the voting classes to vote on the Plan as is evidenced by the votes received. The Debtors instructed that, for votes to be counted as votes to accept or reject the Plan, all ballots must be properly executed, completed and delivered by to the physical address indicated, or to the email address indicated, so that they were actually received no later than the voting deadline. The holders of claims were instructed to relay their decision to accept or reject the Plan in accordance with the terms of the ballots included in the Solicitation Packages.

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 6 of 9

The Debtors therefore believe the prepetition solicitation procedures were reasonable under the circumstances and therefore in compliance with the Bankruptcy Code and the Bankruptcy Rules.

### 3. The Tabulation

Section 1126(c) of the Bankruptcy Code provides, in relevant part, that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the plan. 11 U.S.C. § 1126(c). Additionally, Bankruptcy Rule 3018(c) provides, in relevant part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c).

### C. Adequacy of Disclosure Statement

Pursuant to Bankruptcy Code section 1125, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding the plan. 11 U.S.C. § 1125(b). Specifically, Bankruptcy Code section 1125(a)(1) provides, in relevant part, as follows: "'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1).

Adequate information is "a flexible concept that permits the degree of disclosure to be tailored to the particular situation." 2010-1 CRE Venture, LLC v. VDG Chicken, LLC (In re VDG Chicken, LLC), 2011 Bankr. LEXIS 1795, at *11 (B.A.P. 9th Cir. Apr. 11, 2011) (citing Official Committee of

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 7 of 9

Unsecured Creditors v. Michelson (In re Michelson), 141 B.R. 715, 718-19 (Bankr. E.D. Cal. 1992)). The determination of what is adequate information is subjective and made on a case by case basis, and is largely within the discretion of the bankruptcy court. Comput. Task Grp., Inc. v. Brotby (In re Brotby), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (citing In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988)).

Here, the Disclosure Statement reflects a summary of the Plan and, in particular, the effect of the terms of the Plan on holders of claims and equity interests and parties in interest that would result if the Plan is confirmed and consummated. The Disclosure Statement also contains the pertinent information necessary for holders of claims to vote on the Plan to make an informed decision about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement includes information regarding, among other things:

a. the Plan;
b. the history of the Debtors, including certain events leading to the anticipated commencement of the Chapter 11 Cases;
c. the operation of the Debtors' business;
d. the Debtors' prepetition capital structure and indebtedness;
e. the classification and treatment of claims and equity interests under the Plan;
f. certain federal income tax law consequences of the Plan;
g. the means for implementation of the Plan; and
h. injunctive provisions of the Plan.

The Debtors respectfully submit that the Disclosure Statement contains sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan and complies with all aspects of Bankruptcy Code section 1125.

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR
APPROVAL OF MATTERS FOR COMBINED HEARING– Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 8 of 9

**D. Plan Confirmation**

In support of Plan confirmation, the Debtors shall file a Summary of Ballots and Preconfirmation Report pursuant to Local Rules of Bankruptcy Procedure 3018 and 3020.

**E. Scheduling of Contract and Lease Assumption Motion**

The Debtors seek to assume all contracts and leases to which they are a party. For purposes of efficiency, the Debtors seek to have their assumption motion heard at the time of the Combined Hearing.

## IV. CONCLUSION

Wherefore, the Debtors respectfully request the Court approve the relief requested herein.

DATED this 14th day of November, 2018.

BUSH KORNFELD LLP

By /s/ Aimee S. Willig
   Aimee S. Willig, WSBA #22859
Attorneys for Debtors-In-Possession

EMERGENCY MOTION FOR SCHEDULING ORDER AND FOR APPROVAL OF MATTERS FOR COMBINED HEARING– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2082 20141 cj1534031t
Case 18-14380-TWD    Doc 14    Filed 11/14/18    Ent. 11/14/18 17:58:36    Pg. 9 of 9